UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALBERT ROBINSON,

    Plaintiff,

v.                                            Case No: 2:16-cv-888-FtM-38CM

SECTION 23 PROPERTY
OWNER'S ASSOCIATION, INC.,
SECTION 23, PROPERTY
OWNER'S ASSOCIATION, INC.,
JUDGE LISE MARIE SPADER
PORTER, JUDGE JOHN LEO
BURNS, DAVID KEITH OAKS,
DAVID K. OAKS P.A. and DAVID
K. OAKS TRUST,

    Defendants.

## ORDER

This matter comes before the Court upon review of: (1) Plaintiff's Motion for Default Judgment Against Defendant Section 23 Property Owner's Association, Inc. (Doc. 9, "Motion for Default Judgment,") filed on January 11, 2017; (2) Plaintiff's Request for Clarification on the requirement of filing a Notice of Pendency of Other Actions and Request to Use Electronic Devices in the Courtroom (Doc. 10, "Motion for Clarification") filed on January 11, 2017; and (3) Plaintiff's Request for Hearing (Doc. 13) filed on May 1, 2017.

Plaintiff filed a complaint on December 14, 2016. Doc. 1. Simultaneous with his complaint, Plaintiff filed an Affidavit of Indigency, which the Court will construe as a motion to proceed *in forma pauperis*. Doc. 2. Subsequently, Plaintiff filed a

Motion for the Court to Direct the Clerk of Court to Issue Summons Pursuant to [Fed. R. Civ. P.] 4(b) (Doc. 7). Plaintiff's motion to proceed *in forma pauperis* and motion to direct the Clerk to issue summons remain pending. The Court will consider the remaining motions in turn.

   1. *Plaintiff's Motion for Default Judgment (Doc. 9)*

Plaintiff seeks a default judgment against Section 23 Property Owner's Association, Inc. Doc. 9. At the outset, the Court notes that, pursuant to Rule 55, Federal Rules of Civil Procedure, a plaintiff must obtain a Clerk's default pursuant to Rule 55(a), Federal Rules of Civil Procedure, before the Court may grant relief under Rule 55(b). Accordingly, because Plaintiff has neither sought nor obtained a Clerk's default in this case, the Court will construe Plaintiff's motion as a motion for Clerk's default under Rule 55(a). For the reasons stated herein, the motion is due to be denied.

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b). Prior to directing the Clerk to enter a default, the Court must first determine whether Plaintiff properly effected service of process. *United States v. Donald,* No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009). Here, nothing in the record suggests that Plaintiff served Section 23 Property Owner's Association, Inc. Indeed, as noted, Plaintiff's motion to proceed *in forma pauperis* remains pending. Accordingly, Plaintiff's motion is due to be denied without prejudice.

2. *Plaintiff's Motion for Clarification (Doc. 10)*

Plaintiff seeks clarification of a Related Case Order and Track Two Notice ("Case Order") that United States District Judge Sheri Polster Chappell entered on December 29, 2016, and reads as follows:

> [N]o later than FOURTEEN (14) DAYS from the date of this Related Case Order and Track Two Notice, counsel and any *pro se* party shall comply with Local Rule 1.04(d), and shall file and serve a certification as to whether the instant action should be designated as a similar or successive case pursuant to Local Rule 1.04(a) or (b). The parties shall complete the attached form titled, "Notice of Pendency of Other Actions."

Doc. 5 at 1. Plaintiff points to Middle District of Florida Local Rule 1.04(d) which states that "[a]ll counsel of record" must file a Notice of Pendency of Related Actions, and seeks clarification whether he, a *pro se* Plaintiff, must comply with Judge Chappell's Case Order and Local Rule 1.04(d). M.D. Fla. R. 1.04(d); Doc. 10 at 1. Because Judge Chappell's Case Order clearly applies to "counsel and any *pro se* party," Plaintiff must comply with the Order in its entirety. Accordingly, Plaintiff's

Motion for Clarification is granted to the extent that the Court clarifies Plaintiff must comply with the Court's Orders and the Middle District of Florida Local Rules.[1]

Plaintiff next requests electronic notification of filings via the Court's Case Management and Electronic Case Filing (CM/ECF) system, as well as the ability to file documents electronically. Plaintiff makes the request because he believes he has been "denied the basic privilege of electronic filing and has to expend money that he does not have on postage and copying." Doc. 10 at 1.

This Court's Administrative Procedures for Electronic Filing state that *pro se* litigants are not allowed to utilize CM/ECF without authorization from the Court. The Court, having reviewed the Motion and considered the circumstances, does not find good cause exists to allow Plaintiff access to electronic notification and/or filing. Plaintiff may prosecute this lawsuit via the U.S. Mail and by accessing the computer terminals at the Clerk's Office in Fort Myers. Plaintiff is cautioned that she must stay apprised of this matter and participate fully, complying with both the Local Rules and the Federal Rules of Civil Procedure.

Next, Plaintiff requests an Order permitting him to bring his personal electronic devices in the courthouse and the courtroom. The Court finds this sweeping request to be premature. Should the Court Order Plaintiff's attendance at a hearing or in the courtroom for any reason, the Court will also address Plaintiff's

---

[1] For Plaintiff's benefit, although he is proceeding *pro se* in this matter, "the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Sanders v. Fluor Daniel, Inc.*, 151 F.R.D. 138, 139 (M.D. Fla. 1993), *aff'd sub nom. Sanders v. Fluor Daniels, Inc.*, 36 F.3d 93 (11th Cir. 1994) (citing *Kersh v. Derozier*, 851 F.2d 1509, 1511 (5th Cir. 1988)).

ability to bring electronic equipment in the courtroom. Accordingly, Plaintiff's Motion for Clarification is denied to the extent he requests an Order permitting him to bring his personal electronic devices in the courthouse and to utilize the CM/ECF for electronic filing.

*3. Plaintiff's Request for Hearing (Doc. 13)*

Plaintiff requests a hearing "within the next thirty (30) days" on the pending motions. Middle District of Florida Local Rules provide:

> Motions and other applications will ordinarily be determined by the Court on the basis of the motion papers and briefs or legal memoranda; provided, however, the Court may allow oral argument upon the written request of any interested party or upon the Court's own motion. Requests for oral argument shall accompany the motion, or the opposing brief or legal memorandum, and shall estimate the time required for argument.

M.D. Fla. R. 3.01(j). Upon review of Plaintiff's pending motions and the supplemental evidence he has submitted, the Court finds that the written submissions are sufficient and a hearing is unnecessary at this time. *See* Docs. 2; 7; 11; 12.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Motion for Default Judgment Against Defendant Section 23 Property Owner's Association, Inc. (Doc. 13) is **DENIED without prejudice**.

2. Plaintiff's Request for Clarification on the requirement of filing a Notice of Pendency of Other Actions and Request to Use Electronic Devices in the Courtroom (Doc. 10) is **GRANTED** in part and **DENIED in part**. Plaintiff

shall have **up to and including May 24, 2017** to comply with the Court's

Related Case Order and Track Two Notice (Doc. 5).

3. Plaintiff's Request for Hearing (Doc. 13) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 9th day of May, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record