UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALBERT ROBINSON,

    Plaintiff,

v.                                                          Case No: 2:16-cv-888-FtM-38CM

SECTION 23 PROPERTY
OWNER'S ASSOCIATION, INC.,
SECTION 23, PROPERTY
OWNER'S ASSOCIATION, INC.,
JUDGE LISE MARIE SPADER
PORTER, JUDGE JOHN LEO
BURNS, DAVID KEITH OAKS,
DAVID K. OAKS P.A. and DAVID
K. OAKS TRUST,

    Defendants.

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of the file. On June 27, 2017, the Court denied without prejudice *pro se* Plaintiff's Affidavit of Indigency (Doc. 2), which the Court construed as a motion to proceed *in forma pauperis*. Doc. 8.[2] In

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

[2] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

accordance with 28 U.S.C. § 1915, the Court reviewed Plaintiff's "Original Petition for Declaratory Relief and Relief in Law & Equity" ("Complaint," Doc. 1) to determine whether it was sufficiently pled. The Court found that Plaintiff's Complaint was not sufficiently pled and consequently denied his motion without prejudice to allow him the opportunity to submit an amended complaint. *Id.* at 3-15. The Court provided Plaintiff until July 26, 2017 to submit an amended complaint. *Id.* at 15. Plaintiff failed to file an amended complaint or any other response to the Court's Order. Therefore, the undersigned recommends that Plaintiff's Complaint be **DISMISSED** and the case closed.

Under 28 U.S.C. § 1915, the Court shall dismiss an action if the action is deemed frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A lawsuit is deemed frivolous when the plaintiff's "realistic chances of ultimate success are slight." *Clark v. State of Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990). The Supreme Court has cautioned, however, that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

With respect to whether a complaint "fails to state a claim on which relief may be granted," section 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure 12(b)(6), so courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Ashcroft*, 556 U.S. at 678 (quotations and citation omitted). Instead, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683-84 (11th Cir. 2001) (internal quotation and citation omitted).

Furthermore, Rule 8(a) requires that a pleading set forth a claim of relief and contain a short and plain statement in which the pleader is entitled to relief. Fed. R. Civ. P. 8(a). This requirement ensures that the defendant is given fair notice of what the claim is and the grounds upon which it rests. *Twombly,* 550 U.S. at 561-63 (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

In his Complaint, Plaintiff alleges that at all relevant times he possessed real property located at 25264 Padre Lane, Punta Gorda Florida (the "Property") that his mother owned. Doc. 1 ¶¶ 22, 40. Section 23 Property Owner's Association, Inc. ("Section 23"), to which Plaintiff refers as "Sec 23 one comma," appears to be a property owners' association authorized to enforce deed restrictions on the Property. *Id.* ¶ 23. On December 2, 1997, Section 23 changed its name to "Section 23, Property

- 3 -

Owner's Association, Inc." *Id.* ¶ 27. Because the new name contains two commas, Plaintiff refers to the newly named entity as "Sec 23 two comma." *Id.* ¶¶ 15, 27. Because of this name change, Plaintiff questions the legitimacy of the Section 23 entity and its legal authority to act, calling it a "counterfeit corporation." *See e.g., id.* ¶ 28.

On December 26, 2011, Section 23 filed suit against Plaintiff in *Section 23 Property Owner's Association Inc. v. Robinson et. al.*, Case No. 11-3581-CA alleging that Plaintiff violated deed restrictions on the Property (the "3581 lawsuit"). *Id.* ¶¶ 24, 41. Defendant David Keith Oaks of the law firm David K. Oaks P.A. represented Section 23 in this lawsuit. *Id.* ¶ 8, 43. Judge Porter presided over this lawsuit. *Id.* ¶ 42.

On August 8, 2014, Section 23 filed suit against Plaintiff and his mother in *Section 23 Property Owner's Association Inc. v. Robinson et. al.*, Case No. 14-000601-CC to foreclose a lien on the Property for past due annual fees (the "601 lawsuit"). *Id.* ¶¶ 24, 29. Judge Burns presided over this lawsuit. *Id.* ¶ 47.

Because both lawsuits against Plaintiff were filed by Section 23, Plaintiff alleges that it was a "non-existent" corporation that was barred under Section 607.1622(8) of the Florida Statutes[3] from maintaining or defending against any

---

[3] The statute reads:

> Any corporation failing to file an annual report which complies with the requirements of this section shall not be permitted to maintain or defend any action in any court of this state until such report is filed and all fees and taxes due under this act are paid and shall be subject to dissolution or cancellation of its certificate of authority to do business as provided in this act.

lawsuits. *Id.* ¶¶ 30-32. Plaintiff alleges Judges Porter and Burns had a legal duty to dismiss the lawsuits initiated by Section 23. *Id.* ¶¶ 33, 34, 42. Plaintiff alleges generally that since the Section 23 entity lacked capacity to sue, the state courts lacked jurisdiction to issue any orders. *Id.* ¶ 39. Through both lawsuits, Plaintiff alleges that all of the Defendants violated or conspired to violate nine statutes in particular:

(1) Fla Stat. § 607.1622 – Maintaining a cause of action without paying taxes
(2) 18 U.S.C. § 1341 – Mail Fraud
(3) 18 U.S.C. § 1342 – Use of a fictitious name
(4) 18 U.S.C. § 1343 – Wire and Television Fraud
(5) 18 U.S.C. § 1028A – Aggravated Identity Theft
(6) 42 U.S.C. § 3604 – Fair Housing Act
(7) 18 U.S.C. § 1521 – Retaliating against a Federal judge
(8) 11 U.S.C. § 362 – Automatic Stay
(9) 42 U.S.C. § 1981 – Equal rights under the law.

*Id.* ¶ 56. Accordingly, Plaintiff seeks to "set aside the void orders of 601 and 3581." *Id.* ¶ 51. Although Plaintiff does not specify the "void orders" issued in lawsuit 3581, he challenges court rulings on lawsuit 601 to permit the foreclosure of the Property. *Id.* ¶ 47. Plaintiff also seeks a declaratory judgment that he and his family "are protected under Federal and State law," and that "Defendant's actions . . . are in violation of Federal and State Law." *Id.* ¶¶ 58, 59.

First, Plaintiff's Complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure. Although Plaintiff generally alleges the foregoing facts, he does not link any of the factual allegations with any of the enumerated statutes in his Complaint. *See* Doc. 1. A "complaint's failure to link factual allegations to specific

---

Fla. Stat. § 607.1622(8).
- 5 -

counts makes it a quintessential shotgun pleading. As such, it does not comply with Rule 8(a)." *Frantz v. Walled*, 513 F. App'x 815, 821 (11th Cir. 2013). Under the "Request I" section of his Complaint, Plaintiff re-alleges each and every general allegation (paragraphs 22 through 53). Doc. 1 at 13. Plaintiff lists the enumerated statutes with no underlying facts to support each cause of action and without even a recitation of any of the elements for the causes of action asserted. *Id.* ¶ 56. Plaintiff's list of causes of action is preceded with the following sentence: "Despite the express language of Florida Statutes and various Federal Statutes the Defendants have continuously maintained 3581 and 601 in direct violation of the following statutes inter alia; . . ." *Id.* Indeed, the Court cannot discern if Plaintiff is merely attempting to "set aside the void orders of 601 and 3581" or actually asserting causes of action under each of the enumerated statutes in his Complaint. *See id.* ¶¶ 51, 56. This makes the Complaint a shotgun pleading. In an impermissible shotgun pleading "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trustee of Cent. Fl. Comm. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). Under either scenario, Plaintiff's Complaint contains several deficiencies that the Court addressed in its previous Order to Plaintiff, and will discuss herein.

Pursuant to the *Rooker-Feldman* doctrine, this Court has no jurisdiction to set aside any alleged "void orders" in lawsuits 601 and 3581. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The *Rooker-Feldman* doctrine "places limits on the subject matter

jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation." *Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001). The doctrine prohibits lower federal courts from "exercising appellate jurisdiction over final state-court judgments" when a party takes an appeal of an unfavorable state-court decision to a lower federal court. *See Lance v. Dennis*, 546 U.S. 459, 466 (2006) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005)). Here, it appears Plaintiff seeks to appeal Judge Burns' and Judge Porter's unspecified orders in lawsuits 601 and 3581. This Court, however, cannot act as a state appellate court and review the judgments of the state court. *See Lance*, 546 U.S. at 466.

To the extent Plaintiff actually is alleging causes of action pursuant to the statutes that he lists in his Complaint (Doc. 1 ¶ 56), all of Plaintiff's claims against Judges Porter and Burns would be subject to dismissal based on judicial immunity. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quotation and citation omitted). Absolute judicial immunity "applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.* Moreover, absolute immunity is "an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Judicial immunity may be overcome in only two circumstances. "First, a judge is not immune from liability for nonjudicial actions, *i.e.,* actions not taken in

the judge's judicial capacity." *Id.* (citations omitted). Second, judicial immunity may be overcome when the judge's actions, though judicial in nature, are taken in the complete absence of all jurisdiction. *Id.* (citations omitted). Regarding the first circumstance, "[w]hether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (citation omitted). Regarding the second circumstance, "a court must construe jurisdiction broadly in favor of the defendant judge." *Otworth v. The Florida Bar*, 71 F. Supp. 2d 1209, 1218 (M.D. Fla. 1999) (citing *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)).

Here, Plaintiff's claims appear to rest on his allegation that Section 23 was a fictitious entity without the legal authority to bring the lawsuits against him, and, accordingly, the Judges had a legal duty to dismiss the lawsuits. There is nothing in the Complaint, however, to indicate that Judges Porter and Burns acted in complete absence of all jurisdiction. Indeed, the Eleventh Circuit has held that Judge Porter was entitled to absolute judicial immunity for her actions in lawsuit 3581. *Robinson v. Oaks, et al.*, Case No. 15-12749 (11th Cir. Aug. 6, 2015), *available at Robinson v. Oaks et. al.*, Case No: 2:15-cv-00242-SPC-DNF, Doc. 27 at 3-4. Therefore, construing jurisdiction broadly in favor of the Defendant Judges,

Plaintiff's claims against Judge Burns and Judge Porter as alleged are subject to dismissal.

Moreover, to the extent Plaintiff actually is seeking to assert causes of action against the remaining Defendants based on the statutes he lists, the Court discussed the following deficiencies in its previous Order.

a. 42 U.S.C. 3604

The Fair Housing Act ("FHA") makes it unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, . . . because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b). Aside from listing the statute, Plaintiff has not alleged any claims of discrimination. *See* Doc. 1. Plaintiff's claim—at least with respect to Section 23 Defendants and David Oaks—is subject to dismissal on *res judicata* grounds. Shurick v. Boeing Co. 623 F.3d 1114, 1116 n.2 (11th Cir. 2010) ("Although Federal Rule of Civil Procedure 8(c) classifies claim preclusion as an affirmative defense, dismissal by the court *sua sponte* on *res judicata* grounds is permissible in the interest of judicial economy where both actions were brought before the same court.") (citation omitted).

In the past, this Court has entertained and dismissed Plaintiff's complaint against Section 23 Property Owner's Association, Inc. and David Oaks alleging violations of the FHA. The Court dismissed the complaint for failure to state a claim upon which relief can be granted. Robinson v. Section 23 Prop. Owner's Ass'n, Inc., No. 2:12-CV-675-FTM-29CM, 2014 WL 4358486, at \*6 (M.D. Fla. Sept. 2, 2014), *on reconsideration in part*, No. 2:12-CV-675-FTM-29CM, 2014 WL 5325653 (M.D. Fla.

Oct. 20, 2014). The doctrine of *res judicata* bars a claim that has been litigated or could have been litigated in a prior suit. *Res judicata* bars a claim when "(1) a court of competent jurisdiction (2) render[s] a final judgment on the merits in another case involving (3) the same parties and (4) the same cause of action." *Shurick*, 623 F.3d at 1116-17. Liberally construed, Plaintiff's complaint restates the same cause of action as before; that the Defendants harmed him by enforcing deed restrictions. Doc. 1 at ¶ 23-24, 41; *Robinson*, 2014 WL 4358486 at *6.

    b. *42 U.S.C. § 1981*

Under 42 U.S.C. § 1981, "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . ." To state a claim for discrimination, Plaintiff must allege (1) that he is a member of a racial minority (2) that Defendants intended to discriminate against him on the basis of race, and (3) that the discrimination concerned at least one activity mentioned in the statute. *Moore v. Grady Memorial Hospital Corp.*, 834 F.3d 1168, 1171-72 (11th Cir. 2016). Other than bare assertions that Plaintiff is of Cherokee descent, the complaint is silent as to how Defendants have discriminated against Plaintiff. *See* Doc. 1. Plaintiff does not allege Defendants had any intent to discriminate against Plaintiff. Because of the failure to sufficiently plead a violation of 42 U.S.C. § 1981 and therefore to state a claim upon which relief can be granted, the claim, as asserted, is due to be dismissed.

c. *18 U.S.C. §§ 1341, 1342, 1343, 1521, 1028A,*

Under 18 U.S.C. § 1341, anyone who devises a scheme to defraud by means of false or fraudulent representations through the use of the Postal Service is liable for a fine or 20 years in prison. Additionally, 18 U.S.C. § 1342 further criminalizes the use of a fictitious name in carrying out mail fraud as described in § 1341. 18 U.S.C. § 1343 also prohibits the use of wire, radio, or television communications in carrying out fraud. Plaintiff alleges that the Defendants in this case have committed these three acts of fraud. Moreover, he also alleges a cause of action for identity theft under 18 U.S.C. § 1028, which criminalizes anyone who, through mail or wire fraud, knowingly uses a means of identification of another person, without lawful authorization. As alleged, Plaintiff is not allowed to bring these causes of action, as they are criminal statutes that do not create a private right of action. *See Bell v. Health-Mor, Inc.*, 549 F.2d 342, 346 (5th Cir. 1977) (holding that there exists no private right of action under 18 U.S.C. 1341)[4]; *Marfut v. City of North Port, Fla.* No. 8:08-CV-2006-T-27EAJ, 2009 WL 790111, at *1 (M.D. Fla. 2009).

Moreover, 18 U.S.C. § 1521 penalizes anyone who uses a false lien or encumbrance against the real property of a government official, as described in 18 U.S.C. §1114,[5] on account of the performance of their official duties. Plaintiff's

---

[4] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

[5] This statute reads:

Whoever kills or attempts to kill any officer or employee of the United States or of any agency in any branch of the United States Government (including any member of the uniformed services while such officer or employee is engaged in or on account of the

complaint does not indicate how this statute is implicated here. Assuming that it is implicated, this statute does not create a private right of action, since it falls under the United States Penal Code. Thus, Plaintiff's claim under 18 U.S.C. § 1521 also is due to be dismissed as frivolous. *See* Neitzke, 490 U.S. at 327.

While the Court holds *pro se* complaints to a less stringent standard than pleadings drafted by attorneys, Ortiz v. Degrees, No. 210-cv-278-FtM-29SPC, 2010 WL 2889773, at *1 (M.D. Fla. June 28, 2010), a pro se litigant still is bound to follow the pleading requirements set forth in the Federal Rules of Civil Procedure. *See* Goldsmith v. City of Atmore, 996 F.2d 1155, 1161 (11th Cir. 1993). "Where allegations are vague and ambiguous, leaving the reader to guess at precisely what the plaintiff was claiming, the judge should require the plaintiff to replead his claims." McFarlin v. Douglas Cty., 587 F. App'x 593, 595 (11th Cir. 2014) (citations omitted). Here, because of his *pro se* status, the Court provided Plaintiff another opportunity to replead his claims.

The Court did not overlook Plaintiff's request for the appointment of counsel in prosecuting his claims. In his Complaint, Plaintiff requests the appointment of the Assistant United States Attorney pursuant to 25 U.S.C. § 175 to represent him in this action. Doc. 1 ¶¶ 18-20. Plaintiff makes the request "[a]s a protected person

---

performance of official duties, or any person assisting such officer or employee in the performance of such duties or on account of that assistance, shall be punished –
(1) in the case of murder as provided under section 1111;
(2) in the case of manslaughter as provided under section 1112; or
(3) in the case of attempted murder or manslaughter as provided in section 1113.

18 U.S.C. 1114.

and a descendant of Cherokee ancestry." *Id.* ¶ 18. The statute reads: "In all States and Territories where there are reservations or allotted Indians the United States attorney shall represent them in all suits at law and in equity." 25 U.S.C. § 175. The Court has not located any Eleventh Circuit authority addressing this law at all, let alone in the context of appointment of counsel for an individual asserting the claims similar to Plaintiff's.[6] However, the Third Circuit addressed this statute and a similar request by the same Plaintiff in a case where Plaintiff claimed that the preparation and execution of a final restraining order violated his constitutional rights and otherwise amounted to tortious behavior. *Robinson v. New Jersey Mercer Cty. Vicinage-Family Div.*, 514 F. App'x 146, 151 (3d Cir. 2013). There, the court noted that "the unanimous weight of authority suggests that the duty of representation contained therein is discretionary, not mandatory." *Id.* (citing *Mescalero Apache Tribe v. Martinez,* 519 F.2d 479, 482 (10th Cir.1975); *Siniscal,* 208 F.2d at 410). In its previous Order, the undersigned found that based on a review of Plaintiff's Complaint, this lawsuit does not involve interests particular to American Indians or Tribes, and, therefore, declined to exercise its discretion in appointing the United States Attorney to represent him.

---

[6] There is one decision from a sister court in the Southern District of Florida that has recognized that "[f]ederal law . . . affords Indian tribes the right to be represented by a United States Attorney 'in all suits at law and in equity.'" *Everglades Ecolodge at Big Cypress, LLC v. Seminole Tribe of Fl.*, 836 F. Supp. 2d 1296, 1304 (S.D. Fla. 2011) (quoting 25 U.S.C. § 175; *Siniscal v. United States,* 208 F.2d 406, 410 (9th Cir.1953)). There, however, the Defendant was the Seminole Tribe of Florida, making the case distinguishable from the instant case.

In this case, Plaintiff's complaint fails to comply with Rule 8(a), Federal Rules of Civil Procedure. Factually, it is difficult to discern what Plaintiff is actually claiming. As noted, the Court provided Plaintiff until July 26, 2017 to submit an amended complaint, but he failed to do so. Thus, despite guidance from the Court on how to cure the deficiencies in his Complaint and a clear warning that noncompliance would be cause for dismissal, Plaintiff did not comply with the Court's Order to file an amended complaint.

A district court may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to prosecute or comply with a court order *See* Fed. R. Civ. P 41(b); *Betty K Agencies, Ltd. v. M/V MONADA,* 432 F.3d 1333, 1337 (11th Cir. 2005).[7] Unless the dismissal order states otherwise, a dismissal under Rule 41(b) operates as an adjudication on the merits, and thus is a dismissal with prejudice. Fed. R. Civ. P. 41(b). Dismissal with prejudice is proper only if the district court finds: (1) "a clear record of delay or willful conduct" and (2) "that lesser sanctions are inadequate to correct such conduct." *Betty K Agencies,* 432 F.3d at 1339). Nonetheless, "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Here, however, the Court respectfully recommends a dismissal without prejudice.

---

[7] "Although the plain language of Rule 41(b) suggests that a court may act pursuant to that Rule only when dismissing upon the motion of the defendant, and acts only on its inherent authority when dismissing *sua sponte,* many [Eleventh Circuit] decisions elide this neat distinction." *Betty K Agencies,* 432 F.3d at 1337.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. That this action be **DISMISSED** without prejudice.

2. That the Clerk be directed to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 10th day of August, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record